UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DAVID WALLER, | * | CIV 08-4056 |
| Plaintiff, | * | |
| | * | ORDER DISMISSING |
| -vs- | * | ACTION WITHOUT PREJUDICE |
| UNITED STATES OF AMERICA;<br>J. D. WHITEHEAD, Warden;<br>BUREAU OF PRISONS; K. NELSON,<br>Member of the Unit Disciplinary<br>Committee at F.P.C. Yankton;<br>D. OVERLA, Member of the Unit<br>Disciplinary Committee at F.P.C.<br>Yankton; DAVE McKee, Staff<br>Representative at F.P.C. Yankton,<br>in their individual and official<br>capacities, | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, David Waller, an inmate who had been incarcerated at the Federal Prison Camp in Yankton, South Dakota, filed an action titled "Complaint, Pursuant to Title 42 U.S.C. § 1983." The Complaint also alleged a cause of action and requested damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Waller's action is based on disciplinary action taken against Waller while he was incarcerated at the Federal Prison Camp in Yankton, South Dakota. Since Waller was a federal prisoner, the Court construed the titled 1983 action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and directed the petition to be served and Respondent to respond. Subsequently, Waller has filed a motion opposing this Court's recharacterization of his 42 U.S.C. § 1983. Doc. 13.

Waller contends that he is the master of his pleadings and cites to *Castro v. United States*, 540 U.S. 375 (2003). In *Castro* the Supreme Court recognized that district courts ignore legal labels *pro se* litigants attach to motions and recharacterize them for a number of reasons including to "create a better correspondence between the substance of a *pro se* motions' claim and its underlying legal basis." *Id.* at 382-83. The Supreme Court in *Castro* limited the lower courts' recharacterization powers in actions under 28 U.S.C. § 2255. When a district court recharacterizes a *pro se* litigant's motion as a first § 2255 motion, the district court must notify the *pro se* litigant that it intends to recharacterize his pleading, and

also warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions. The district court must also afford the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Id.* at 383. Although this case does not involve 28 U.S.C. § 2255, this Court will abide by Waller's request that his pleadings not be recharacterized.

An action under 42 U.S.C. § 1983 requires conduct under color of state law. *See Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). In the complaint before this Court, Waller has not alleged any conduct which involves state actors or state law.

In addition, Waller is seeking money damages for the alleged constitutional violations regarding the federal prison disciplinary proceedings which resulted in sanctions including the loss of good time credit. Pursuant to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), however, Waller cannot bring his *Bivens* action for damages until his sentence has been "reversed on direct appeal, expunged by executive order, declared invalid ... or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Waller has advised that he does not wish to proceed under 28 U.S.C. § 2241. Waller's pleading as it now exists and interpreted as Waller desires, fails to state a claim upon which relief may be granted and must be dismissed by this Court pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly,

IT IS ORDERED:

(1) that the Respondent need not respond to Waller's pleading and this Court's Order of June 23, 2008; and

(2) that Waller's action is dismissed without prejudice.

Dated this 15th day of July, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY *[signature]*
(SEAL)    DEPUTY